Judge Mills
delivered the Opinion of the Court.
This is a bill brought to settle the accounts for money lent, and the usury received thereon, and praying a decree for the restoration of the usurious interest. The court below decreed in favor of the complainant and each party has appealed.
Part of the. money was recovered from the complainants intestate, by a judgment and it is contended for defendant, that the same money cannot be recovered back by bill in equity. This court has already had occasion, fully to consider and settle this question in the ease of Pearce vs. Headrick 3 Litt. Rep 109. It is there held that such recovery is permissible.
The defendant contends that the court below has charged him with more usury than the proof will warrant. In answer to this we cannot see that any proof was necessary, except the bill and his own answer. There, (as is too frequently the case with defendants, charged with, and guilty of, usury,) his memory fails him much, He cannot recollect that certain sums were paid, and requires proof. He remembers accurately some payments in property, which was no doubt, not as satisfactory as money, and which he complains, were not equal in value to the price which he. agreed to give, while the money payments are nearly all forgotten, although they are facts resting in his own knowledge; and moreover his own notes taken up by the complainants intestate, are presented to him as exhibits and *489 these notes given for usurious interest. On this point, it must be taken as true, from the bill and answer, that he did receive the interest of twenty-five per centum per annum, from the original loan the money on the 23d of February, 1819, till the last note for usury of seventy-five dollars was given; anu that note was evidently given ior interest aocru-ing in future, and not for time, past, and the amount of that note has since been recovered with interest. That note is not in the record, and probably remains in the record at law. to which reference in had in the pleadings; but coming as near to the date of that note, as we are able to do by the evidence now before us, and fixing its date at a period not too late, and the amount decreed against the defendant, does not quite equal the excess of interest which he has received, and he therefore comiot complain.
Where the usurer is charged with receiving the amount of notes calling for dollars, and he admits he received the amount of them in paper currency of inferior value, he must prove it was paper.-Decree for the usurer to restore paper currency inferior to money, when the decree ought to have been for cash, cannot be complained of by him.
As the decree on Lawless' appeal would have been affirmed, damages and costs are decreed against him.
*489 But it is assigned for error, that the court below has decreed that he shall repay the greater part, which he has received, in paper of the bank of the Commonwealth, instead of liquidating the demand to specie. We, do not approve of hat part of the decree, and conceive that it ought not to have been rendered. But this error has operated not to his injury,but the prejudice of his adversary, He that the paper of that bank was not equal to par. When charged with receiving some payments on an amended bill, he admits the marge, but says it was made in paper of the hank and not specie, This was matter of avoidance, alleged for his own casement, and he has failed to make any proof there, of, and yet he complains because the court has admitted the troth of this statement, and decreed him to restore that commodity in lieu of specie. This charge in his answer cannot be taken as true. The notes which he held, required specie on their face, and he has failed to prove that he accepted the paper, The sum which be ought to restore, is at least equal to that amount, in specie, and it is therefore impossible to say that this error operates to his prejudice.
He has, therefore, failed to prosecute bis appeal with effect, and as the decree on bin appeal ought *490 to Have been affirmed, be, must pay damages in this court and also the costs on bis appeal.
Directions for making out the account by applying payments and calculating the interest— —Interest in such case, it seems, shall not be so calculated as to be made to hear interest.
Practice in chancery.
As to the appeal of the complainant, we have already anticipated chiefly what is necessary to be said, in considering, the appeal of the defendant, and it is now only necessary to give directions bow the account ought to be settled. The defendant must-be charged with one thousand dollars lent, and the legal interest thereon, and credited with the interest of twenty five per centum interest thereon; up to the date of the last note for interest alone, of seventy-five dollars, and with the payment of the negroes at eight hundred dollar; and with the two hundred dollar note, balance of principal and the last note of seventy-five dollars and also the full costs of the proceedings at law, all at f heir nominal amount. The interest of twenty-five per centum per annum, having been paid at. different periods when the parties made settlements and received notes, as well as other payments, must he applied as credits at their respective times of payment to the SI,000, with its legal interest first extinguishing the interest and then applying the. residue of cash payment in discharge of so much of the principal, and-then only counting the legal interest on the balance of the principal left due till the next payment, and so on till the whole demand of one thousand dollars with its legal interest is discharged. All payments made afterwards, must bear interest, at the rate of six per centum per annum, till the date of the final decree, which must be for the amount of principal and interest then due.
This estimate may either he made by the court, from the documents and pleadings in the. different, suits, or if more convenient, by the aid of a commissioner, to whom the accounts may be. referred, if the parties or their counsel do not settle the calculation The account settled in this manner, will evidently produce, a different result in fav or of the complaint from that produced by the decree already rendered.
For this reason the decree on the prayer of the complainant must be reversed with costs, and the *491 cause, be remanded for such proceedings as are herein directed.
Mayes for Lawless; Crittenden for Blakey’s administrator.